IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARLENA LURKS,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**TITLE MAX, INC., and MVTRAC, LLC a/k/a MVCONNECT, LLC,**<br><br>**Defendants.** | Civil Case Number:<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARLENA LURKS (hereinafter, "Plaintiff"), a resident of Kansas City, Missouri, brings this complaint by and through the undersigned attorneys, against Defendants TITLE MAX, INC., and MVTRAC, LLC a/k/a MVCONNECT, LLC (hereinafter "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle while egregiously disturbing the peace, thereby blatantly violating TEX. BUS. & COM.CODE ANN. § 9.609 and the UCC. Plaintiff also brings a claim against MVTRAC, LLC a/k/a MVCONNECT, LLC for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

1

4. Plaintiff is seeking statutory damages, punitive damages, actual damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Kansas City, Missouri and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant TITLE MAX, INC. (hereinafter referred to as Title Max") is a privately owned title lending corporation, with corporate offices in Dallas, Texas and Savannah, Georgia.

7. Defendant MVTRAC, LLC (hereinafter referred to as "MV"), is a repossession company, with its principal place of business located at 260 East Helen Road, Palatine, IL 60067.

8. Defendant MV also does business as MVCONNECT, LLC.

9. Upon information and belief, Defendant MV is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. Defendant MV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

12. The Plaintiff owns a 2013 Jeep Grand Cherokee.

13. At a certain point when she was otherwise facing homelessness, the Plaintiff took out a title loan through Title Max, thereby granting Title Max a security interest in her vehicle.

14. The Plaintiff purchased and used the Jeep for herself and her young children to have transportation.

15. The Title Max loan was used to pay for personal and household expenses, such as housing for the Plaintiff and her young children.

16. The Title Max loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. Sometime prior to March 29, 2022, the Plaintiff fell behind on her obligations to Title Max.

18. As a result, Title Max contracted with MV to repossess the Plaintiff's vehicle.

19. On or about March 29, 2022, at approximately 11:15 p.m., the Plaintiff was sitting in the vehicle together with her 11-year-old son and her 1-year-old daughter, having just pulled into a parking space at a friend's apartment complex.

20. As the Plaintiff was sitting in the vehicle with her young children, the Defendants' representatives arrived on the scene intending to repossess the vehicle.

21. Defendants' tow truck pulled up right behind Plaintiff's vehicle, and then without checking the vehicle for occupants or any other warning the tow truck backed up right into Plaintiff's vehicle in an attempt to hook up the vehicle.

22. The tow truck strongly impacted the rear of Plaintiff's vehicle, causing the Plaintiff to believe that someone had mistakenly hit her vehicle with another car.

23. However, the rear of the Plaintiff's vehicle was then violently lifted upwards, causing Plaintiff and her young children to be thrown forward.

24. The Plaintiff yelled at the tow driver to stop and that her children were with her in the vehicle.

25. The tow driver told the Plaintiff that her vehicle was up for repossession and that he was taking her car.

26. The Plaintiff objected to the repossession, advising the tow driver that this was illegal and that her children were still in the vehicle.

27. The tow driver responded that it didn't matter, and that he was taking the vehicle anyway.

28. The Plaintiff advised the Defendants' tow truck operators that they were in breach of the peace.

29. The tow driver responded that it didn't matter what the Plaintiff said because he was taking the vehicle and that he would call the police.

30. The tow truck driver then proceeded to call the police – or at least pretended to – but the police never showed up.

31. While this was all going on, Plaintiff's friend came out of her apartment and informed the tow truck driver that he was breaching the peace, to no avail.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against MVTRAC a/k/a MVCONNECT)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Plaintiff brings this Count against MV.

34. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

35. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)  the property is exempt by law from such dispossession or disablement.

36. Under TEX. BUS. & COM.CODE ANN. § 9.609 a secured party may take possession of

collateral after default, without judicial process, **only** if the repossession proceeds without a breach of the peace.

37. At the time of the attempted repossession and disablement, the Plaintiff and her young children were in the vehicle.

38. To repossess the Plaintiff's vehicle, the Defendants struck a vehicle with a family inside of it, then attempted to hook up and tow that vehicle with the family still inside it, and continued to proceed with the repossession even after being advised that a family was inside and that they should stop, and then falsely threatening to involve the police.

39. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle when they attempted to repossess it, and was prohibited from repossessing it.

40. Moreover, after committing their breach of the peace during their attempts to repossess the Plaintiff's vehicle, Plaintiff's vehicle was clearly exempt from repossession.

41. As a result, the Defendants violated 15 USC § 1692f(6) when they attempted to repossess the Plaintiff's vehicle on March 29, 2022.

42. By attempting to illegally repossess the Plaintiff's vehicle in violation of the FDCPA – and by subsequently illegally repossessing the vehicle - Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

43. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment and fear for her family's safety, and by depriving her of the use of her vehicle.

44. By reason thereof, Defendant MV is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL BREACH OF THE PEACE
TEX. BUS. & COM.CODE ANN. § 9.609 *et seq.*
(Against All Defendants)**

45. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Plaintiff brings this Count against all Defendants.

47. Texas law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves a breach of the peace. TEX. BUS. & COM.CODE ANN. § 9.609.

48. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Chapa v. Traciers & Assocs.,* 267 S.W.3d 386, 391 (Tex. App. 2008) ("the creditor who elects to pursue nonjudical repossession assumes the risk that a breach of the peace might occur. A secured creditor remains liable for breaches of the peace committed by its independent contractor. Thus, a creditor cannot escape liability by hiring an independent contractor to repossess secured property").

49. On or about March 29, 2022, Defendants breached the peace when they attempted to repossess the Plaintiff's vehicle while her and her young children were inside of the vehicle, when they struck a vehicle with a family inside of it, when attempted to hook up and tow that vehicle with the family still inside it, and continued to proceed with the

6

repossession even after being advised that a family was inside and that they should stop, and when they falsely threatened to involve the police.

50. As a result, the Defendants violated TEX. BUS. & COM.CODE ANN. § 9.609 when they attempted to repossess the Plaintiff's vehicle on March 29, 2022.

51. By attempting to illegally repossess and disable the Plaintiff's vehicle on March 29, 2022 Defendants harmed the Plaintiff, as set forth above.

52. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendant's conduct violated TEX. BUS. & COM.CODE ANN. § 9.609. statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

13. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff her actual damages incurred;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding the Plaintiff punitive damages;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 12, 2022                    /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*